**UNITED STATES DISTRCT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| **ETHAN MOORE,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIV ENTERPRISES, LLC, AND JOHN DOES 1-10**<br><br>Defendant. | Civil Action<br>File No.: 9:26-cv-05459-DCN |

**COMPLAINT**

COMES NOW Plaintiff Ethan Moore, through counsel, and shows the Court the following:

1.

This is a premises liability action arising from Defendant Shiv Enterprises, LLC's negligent failure to maintain its hotel premises in a reasonably safe condition, failure to correct a dangerous condition, and failure to warn Plaintiff of a hazardous condition that existed in his hotel room, resulting in severe injuries to Plaintiff on July 22, 2025.

2.

Defendant Shiv Enterprises, LLC ("Shiv Enterprises") is a South Carolina limited liability company that owned, managed, maintained and was otherwise responsible for the operation of the Red Roof Inn located at 1122 Hummingbird Ln, Hardeeville, South Carolina 29927.

3.

At all relevant times, Shiv Enterprises operated a hotel open to members of the public, including paying guests such as Plaintiff, and owed Plaintiff a duty to exercise reasonable and ordinary care in maintaining premises in a safe condition.

4.

Plaintiff Ethan Moore is an adult individual and, at all relevant times, was a business invitee of Shiv Enterprises while staying as a paying guest at Red Roof Inn. At all relevant times he was a citizen of the State of Georgia and was domiciled in Georgie when the action commenced.

5.

Upon information and belief, Defendant's registered agent is Yagnesh Patel, who may be served with process at US 17 & I-95, Hardeeville, South Carolina 29927.

6.

Plaintiff is presently unaware of the identities of all persons and entities who may have contributed to the dangerous condition described herein. Accordingly, Plaintiff names John Does 1–10 as Defendants and reserves the right to amend this Complaint when their identities become known.

7.

Venue This Court has subject matter jurisdiction over this action pursuant to the laws of the State of South Carolina because the claims asserted herein arise from injuries sustained by Plaintiff within Jasper County, South Carolina.

8.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hardeeville, Jasper County, South Carolina.

## FACTUAL ALLEGATIONS

9.

Plaintiff incorporates by reference the allegations of paragraphs one (1) through eight (8) above as if fully set forth herein.

10.

In July 2025, Plaintiff traveled to Savannah, Georgia, to attend the USA Track and Field National Championships in his capacity as a professional athletic trainer.

11.

On July 22, 2025, Plaintiff was a paying guest of the Red Roof Inn operated by Defendant and was assigned Room 151. During some time that day, water leaked from the ceiling of Room 151, ran down a wall, and accumulated on the floor, creating a slippery and dangerous condition.

12.

Plaintiff had not been warned of the water leak or the accumulated water before his fall.

13.

While walking toward the bathroom, Plaintiff slipped on the accumulated water, fell, struck his head on the floor, and temporarily lost consciousness.

14.

After regaining consciousness, Plaintiff contacted the hotel front desk and requested emergency medical assistance. The employee who answered refused to call 911 and stated, “If you’re hurt, call yourself.”

15.

Plaintiff contacted his friend Devin Johnson, who came to Room 151 and recorded video showing water leaking from the ceiling, running down the wall, and pooling on the floor after the fall.

16.

Defendant was responsible for reasonably inspecting, maintaining, and repairing the guest room and addressing unsafe conditions within the premises under its control.

17.

Defendant knew or, through the exercise of reasonable care, should have discovered the water intrusion and accumulation before Plaintiff fell, but failed to correct the condition or provide an adequate warning.

18.

As a direct and proximate result of the fall, Plaintiff sustained injuries to his head, neck, back, and right hip and experienced severe pain and functional limitations.

19.

Following the incident, Plaintiff received emergency treatment at Coastal Carolina Medical Center, including treatment for severe right hip and low back pain.

20.

Plaintiff subsequently reported post-traumatic headaches and neck and back symptoms and was diagnosed with, among other conditions, mild traumatic brain injury, cervical and lumbar facet syndrome, thoracic ligament sprain, muscle spasms, and right hip pain.

21.

Plaintiff underwent conservative care, including chiropractic treatment, traction, therapeutic exercises, and other rehabilitative measures, without lasting relief.

22.

Plaintiff thereafter underwent pain management treatment, including cervical and lumbar facet injections, medial branch blocks, and radiofrequency ablation of the lumbar and lumbosacral facet joints.

23.

Plaintiff has incurred medical charges totaling approximately $200,008.97 for care alleged to arise from the incident, and has experienced continuing pain, mental anguish, and interference with his ordinary activities.

24.

Plaintiff claims past and future medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, and any lost earnings or diminished earning capacity established by the evidence.

**COUNT I – NEGLIGENCE**

25.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.

As the operator and/or party responsible for the premises, Defendant owed Plaintiff, a paying hotel guest, a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and to warn of latent hazards of which Defendant knew or should have known.

27.

Defendant breached its duty by failing to reasonably inspect, maintain, and repair the premises; failing to address water intrusion and accumulation; failing to remove Room 151 from service when unsafe; and failing to warn Plaintiff.

28.

Defendant's negligent acts and omissions directly and proximately caused Plaintiff's fall and resulting injuries and damages.

29.

Plaintiff seeks compensatory damages for reasonable and necessary past and future medical expenses, physical pain and suffering, mental anguish, lost earnings, loss of earning capacity, loss of enjoyment of life, and other recoverable losses proved at trial.

30.

Defendant's failures to inspect, address, and warn of water intrusion into an occupied guest room, together with the alleged refusal to summon emergency assistance after Plaintiff reported his injury, constituted a failure to exercise even slight care and/or reckless disregard of guest safety, to the extent established by discovery and trial evidence.

31.

The extent of Defendant's prior knowledge of the water intrusion, the duration of the condition, and the circumstances surrounding the request for assistance are expected to be developed through discovery.

32.

As a direct and proximate result of the conduct described above, Plaintiff sustained the injuries and damages alleged herein. Plaintiff seeks punitive damages if the evidence establishes the requisite willful, wanton, or reckless conduct by clear and convincing evidence

**COUNT III**
**PUNITIVE DAMAGES**

33.

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34.

Punitive damages are available where a defendant's conduct is willful, wanton, reckless, or in conscious disregard of the rights and safety of others. Defendant's conduct, as described

herein, rises to that level.

35.

Defendant failed to conduct routine inspections, failed to implement readily available safety measures, failed to correct a hazard that posed an obvious danger, and failed to warn invitees of the condition, demonstrating a conscious indifference to the safety of Plaintiff and other patrons.

36.

Defendant's acts and omissions constitute willful, wanton, and reckless conduct because Defendant:

- Knew or should have known that the dangerous condition posed a high probability of serious injury;
- Failed to take corrective action despite the condition being open, visible, and avoidable with minimal effort;
- Demonstrated an utter disregard for the safety of its invitees.

37.

Mr. Moore is entitled to an award of punitive damages to punish Defendant, to deter similar future conduct, and to protect the public from dangerous conditions in recreational facilities.

WHEREFORE, having stated his Complaint, the Plaintiff prays as follows:

a. that process issue and the Defendant be served as provided by law;

b. that Plaintiff recover from the Defendants for his medical expenses, lost wages, and be awarded general damages to compensate him for pain and suffering;

c. that Plaintiff recover his expenses of litigation, including reasonable attorney fees;

d. that Plaintiff recover punitive damages to punish, penalize, or deter Defendant from similar conduct;

e. that Plaintiff have trial by jury; and

f. that Plaintiff have such other and further relief as the Court may deem just.

Respectfully submitted this 27th day of September 2026.

*s/ Titus T. Nichols*
Titus T. Nichols
(SC Bar No. 78678)

**NICHOLS INJURY LAW, P.C.**
1000 Whitlock Ave. SW
Suite 320
Marietta, Georgia 30064
678-722-5311 (ph)
407-632-4446 (fax)
Titus@nicholsinjury.com
COUNSEL FOR PLAINTIFF